IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JANICE L. WALKER, | : | CHAPTER 7 |
| Debtor | : | CASE NO. 5-07-bk-50233 RNO |

******************************************************************************

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON, UNITED STATES TRUSTEE, | : : | |
| Movant | : | |
| v. | : | |
| JANICE L. WALKER, | : : | Nature of Proceeding: United States Trustee's Motion to Dismiss Pursuant to |
| Respondent | : | 11 U.S.C. § 707(b)(1) and (3) |

# OPINION[1]

This case presents the following question: considering the totality of the circumstances, is it an abuse of chapter 7 where the debtor has no disposable income as determined under the means test but where her Schedule I - Current Income of Individual Debtor(s) exceeds her Schedule J - Current Expenditures of Individual Debtor(s)? The Court answers the question in the negative and does not find abuse in this case.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1] This Opinion was drafted with the assistance of Kathryn F. Evans, Esq., Law Clerk.

1

**Facts**

This matter was commenced by a Motion to Dismiss filed by the Office of the United States Trustee pursuant to 11 U.S.C. § 707(b)(1) and (3).[2] At the time of the hearing, the United States Trustee stipulated that it was proceeding solely under the § 707(b)(3)(B) totality of the circumstances standard and was not raising the issue of bad faith under § 707(b)(3)(A). The Debtor timely answered the Motion to Dismiss.

At the hearing, no testimony was presented. The United States Trustee and the Debtor stipulated to several matters.

Based upon the parties' stipulation and the matters I was asked to take judicial notice of, I make the following findings:

1. The matter was initially commenced by a voluntary chapter 13 petition filed on January 31, 2007.

2. The chapter 13 petition was filed by the Debtor principally to forestall a mortgage foreclosure against her residence.

3. The Debtor was unable to cure the arrearages on her mortgage and she no longer resides in her former home.

4. The chapter 13 case was voluntarily converted to chapter 7 on July 24, 2007.

5. Amended Schedule I - Current Income of Individual Debtor(s) shows total take home income of $3,058.94 per month.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended and currently effective.

6. Amended Schedule J - Current Expenditures of Individual Debtor(s) shows total expenditures of $2,344.00 per month.

7. Schedule I exceeds Schedule J by $714.94 per month (hereinafter referred to as "I&J Income").

8. The Debtor has no disposable income as determined by her Form B22A, which is part of the means test provided in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

9. Amended Schedule J reflects the Debtor's modest lifestyle. Expenses include $45.00 monthly for electricity and heating fuel; $35.00 monthly for clothing; and, $2.00 for laundry and dry cleaning. The Schedule reflects no monthly expenditures for line 9 - Recreation, clubs and entertainment, newspapers, magazines, etc.

10. Schedule E - Creditors Holding Unsecured Priority Claims lists federal and state priority tax debts totaling $19,680.00.

11. Schedule F - Creditors Holding Unsecured Nonpriority Claims lists nine unsecured obligations totaling $8,546.33.

**Analysis**

The United States Trustee relies solely upon § 707(b)(3)(B) to support its argument for dismissal. Section 707(b)(3) was redrafted in 2005 as part of BAPCPA and now provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph does not arise or is rebutted, the court shall consider-
>
> (A) whether the debtor filed the petition in bad faith; or

3

Case 5:07-bk-50233-RNO    Doc 75    Filed 02/04/08    Entered 02/04/08 15:12:31    Desc
Main Document      Page 3 of 9

> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

As the Movant, the United States Trustee bears the burden of demonstrating by a preponderance of the evidence that the totality of the circumstances warrants dismissal under § 707(b)(3). *In re Burge*, 377 B.R. 573, 575 (Bankr. N.D. Ohio 2007) citing *In re Wright*, 364 B.R. 640, 643 (Bankr. N.D. Ohio 2007).

The Court finds the United States Trustee has not met its burden for two principal reasons. First, its position that positive I&J Income alone justifies dismissal contravenes the means test approach adopted by Congress in BAPCPA. Second, applying a multi-factor totality of circumstances analysis to the stipulated facts in this case militates against dismissal.

**A.** **The Canon of Negative Implication**

The Third Circuit recently considered certain § 707 dismissal standards in *Perlin v. Hitachi Capital America Corp. (In re Perlin)*, 497 F.3d 364 (3d Cir. 2007). *Perlin* involved a motion to dismiss under § 707(a) filed against a chapter 7 debtor, a radiologist, whose debts were not primarily consumer in nature. *Id.* at 367-68. The movant/creditor in *Perlin* sought dismissal primarily on the grounds that the debtor had significant Schedule I income and unreasonable Schedule J expenses which constituted an abuse under § 707(a). *Id.* at 368.

BAPCPA did not significantly alter § 707(a). However, § 707(b) was among the most significant amendments to the former Bankruptcy Code included in BAPCPA. The new § 707(b) includes a complex burden shifting scheme. *See* § 707(b)(2). Congress mandated in the new provisions that a consumer debtor submit income and expense calculations. A chapter 7 consumer debtor files Form B22A to provide the retrospective income and standard expense

4

information required by § 707(b)(2). The expense amounts are somewhat hypothetical and are drawn from national and local standards used by the Internal Revenue Service for other purposes. *In re Spurgeon*, 378 B.R. 197, 202 (Bankr. E.D. Tenn. 2007) and *In re Hice*, 376 B.R. 771, 773 (Bankr. D.S.C. 2007). The new income and expense test is commonly known as the means test. 5 Keith M. Lundin, Chapter 13 Bankruptcy § 363.2 (3d ed., 2000 & Supp. 2004).

In *Perlin*, the Bankruptcy Court had employed the canon of negative implication. *Perlin*, 497 F.3d at 369. It reasoned that the new means test provisions of § 707(b)(2) precluded the court from considering a debtor's scheduled income and expenses in deciding a § 707(a) dismissal motion. *Id*. The Third Circuit reversed the Bankruptcy Court on this issue. *Id*. at 371.

In *Perlin*, the Third Circuit held that there was a significant difference between dismissals under § 707(a), which applies to all chapter 7 debtors, as opposed to dismissals under § 707(b), which applies only to debtors whose debts are primarily consumer in nature. *Id*. at 370-71. The Third Circuit held in *Perlin* that the amendments to § 707(b)(2) did not create a negative implication applicable to § 707(a) dismissals. *Id*. at 371. The Third Circuit noted:

> The principle that the enumeration of one case excludes another is a canon of statutory interpretation. The canon applies only when the expressed and unmentioned items are part of a "commonly associated group or series," *United States v. Vonn*, 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), "justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003). *Id*. at 370.

In *Perlin*, the Third Circuit held that § 707(a) and (b) were not closely enough associated to be able to draw negative inferences between them. *Id*. at 371.

The Third Circuit in *Perlin* did not address the question of whether the canon of negative implication applies to the subsections within § 707(b). In the context of this case, I must

5

consider - can a negative inference be drawn that the inclusion of a detailed income and expense test in § 707(b)(2) precludes me from re-examining a debtor's income and expenses again under § 707(b)(3)?

The association between § 707(b)(2) and § 707(b)(3) is closer than the association between § 707(a) and § 707(b)(2). Section 707(b) only applies to consumer debtors while § 707(a) applies to all debtors. It is not uncommon for statutes to treat consumers as part of a group. See Fair Credit Reporting Act, 15 U.S.C.A. § 1681, et seq. (2003); Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692e, et seq. (1996); Real Estate Settlement Procedures Act, 12 U.S.C.A § 2601, et seq. (1974); Truth-in-Lending Act, 15 U.S.C.A § 1601, et seq. (2003). It is evident from the above that Congress has historically enacted complex statutory schemes in the consumer protection and regulation arena. I find § 707(b) and its subparts to be another example of a complex statutory scheme concerning consumer bankruptcies. Thus, I find all of § 707(b) to be a commonly associated statutory scheme. Thus, inclusion of the income and expenses calculation in § 707(b)(2) precludes reconsideration of income and expenses in § 707(b)(3) pursuant to the canon of negative implication. The Court cannot conclude that Congress meant for the means test to apply in § 707(b)(2) but not in § 707(b)(3). Application of the canon of negative implication leads to the conclusion that I&J Income should not be considered when deciding a § 707(b)(3) motion.

The United States Trustee's position is that excess I&J Income justifies dismissal even though Ms. Walker has "passed" the means test. I find that BAPCPA does not require a consumer chapter 7 debtor, who has passed the means test under § 707(b)(2), to withstand a second examination of Schedule I&J Income under § 707(b)(3).

## B. Totality of the Circumstances

I recently considered the totality of the circumstances test in an unpublished opinion, *In re Haynes*, 2008 WL 205223 (Bankr. M.D.Pa. Jan. 25, 2008). I used an eleven-factor analysis which was employed by my colleague, Judge France, in a pre-BAPCPA decision, *In re Miller*, 302 B.R. 495 (Bankr. M.D.Pa. 2003).

The Court noted in *Haynes*:

> Courts have found that Congress intended in the new § 707(b)(3) to codify the judicially constructed concepts of bad faith and the totality of the circumstances. Therefore, pre-BAPCPA case law applying these concepts is still helpful in determining abuse under BAPCPA. *In re Henebury*, 361 B.R. 595, 604 (Bankr. S.D.Fla. 2007), citing *In re Mestemaker*, 359 B.R. 849, 855-56 (Bankr. N.D.Ohio. 2007). Therefore, the Court's analysis under § 707(b)(3)(B) will consider both pre- and post-BAPCPA interpretations of the "totality of the circumstances" standard. *In re Haynes*,, 2008 WL 205223 at *2.

I would now qualify the above by saying that pre-BAPCPA interpretations have continuing vitality except where they conflict with specific provisions in the amended statute.

The eleven *Miller* factors are: (1) whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment; (2) whether the debtor made consumer purchases far in excess of his ability to repay; (3) whether the debtor's proposed family budget is excessive or unreasonable; (4) whether the debtor's schedules and statements of current income and expenditures reasonably and accurately reflect his true financial condition; (5) whether the bankruptcy petition was filed in bad faith; (6) whether the debtor engaged in eve of bankruptcy purchases; (7) whether the debtor enjoys a stable source of future income; (8) whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code; (9) whether there are state remedies with the potential to ease his financial predicament; (10) the degree of

7

relief obtainable through private negotiations; and, (11) whether the debtor's expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities. *In re Miller*, 302 B.R. at 499. Other courts have employed this "hybrid" approach. *In re Harshaw*, 345 B.R. 518, 523 (Bankr. W.D. Pa. 2006) (decided under pre-BAPCPA law); *In re Duncan*, 201 B.R. 889, 895 (Bankr. W.D. Pa. 1996) (decided under pre-BAPCPA law).

The rather sparse record in this matter somewhat limits application of the *Miller* factors. I do find that factors three and eleven, which consider the reasonableness of the Debtor's budget and her expenses, weigh in favor of denying the dismissal Motion. The Court finds that the Debtor is living within her means and does not find any of the scheduled expenditures to be excessive.

Since the United States Trustee did not pursue a bad faith finding, nor introduce any evidence in support thereof, I find that factor five also weighs in favor of denying the Motion to Dismiss.

The United States Trustee's case, by in large, consisted of requesting the Court to take judicial notice of the Debtor's I&J Income. I cannot find that the United States Trustee has met its burden under the totality of the circumstances test.

**Conclusion**

When a "statute's language is plain, 'the sole function of the courts' "-at least where the disposition required by the text is not absurd-" 'is to enforce it according to its terms.' " *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000); *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241,

109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The Court finds the statutory language establishing the means test - for debtors whose debts are primarily consumer in nature - to be complex but clear. The Court finds the Debtor, Ms. Walker, to be eligible for chapter 7 relief under the means test. The Court believes that correctness of this decision is underscored by the result obtained by applying the *Miller* multi-factor test to this case.

An order will be entered denying the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(1) and (3).

Date: February 4, 2008

*Robert N. Opel, II, Bankruptcy Judge*
*This opinion is electronically signed and filed on the same date.* (BI)